SOUTH FLORIDA SECURITIES, INC., v. WILLIAM C. SEWARD
AND LETTA P. SEWARD

195 So. 600
Division B
Opinion Filed May 3, 1940
Rehearing Denied May 13, 1940

*D. C. McMullen* and *Neil C. McMullen,* for Petitioner; *Hampton, Bull & Crom,* for Respondents.

PER CURIAM.—This case reaches us on a petition for certiorari.

Petitioner filed its bill of complaint in the circuit court of DeSoto County alleging in substance a long and complicated series of transactions between one William H. Seward (father of the defendant William C. Seward and husband of 'Lotta P. Seward) and one Albert E. Bennett for the sale and repurchase of a certain mercantile establishment and business in the city of Arcadia. William H. Seward being the vendor and Bennett the purchaser. The present respondents are the administrator and administratrix of the estate of William H. Seward, while petitioner is the assignee of the interest of the First National Bank of Arcadia, who in turn was the assignee of the interest of Albert E. Bennett in and to that certain contract of repurchase made between William H. Seward and Bennett. The bill seeks an accounting.

Respondents filed a motion to dismiss, reciting, among other grounds, that petitioner's assignor had tried unsuccessfully to secure the same relief prayed for herein in a prior suit instituted in the Federal Courts. The motion to dismiss was granted with leave to amend the bill. In the granting the motion the chancellor stated:

"* * * a copy of the pleadings in the actions previously brought by complainant's assignor are not copied or attached to the bill of complaint, however it is shown by the bill that the Circuit Court of Appeals, Fifth Circuit, determined complainant's assignor had no cause for equitable relief against defendants (individually and in representative capacity.)

.The Court is therefore of the opinion that complainant fails by its bill to make or state a cause for accounting—and that as the bill alleges the determination and decision of the Circuit Court of Appeals there is no reason shown or alleged whereby complainant should not be bound thereby * * *."

After carefully examining the bill we are of the opinion that the ruling of the chancellor was correct. The bill herein involved contains substantially the same allegations as the one previously filed in the federal district court and held insufficient, upon appeal to the Circuit Court of Appeals for the Fifth Circuit to warrant the accounting, Seward, *et al.*, v. Fagan, 75 Fed. (2d) 361; the court stating: "* * * It is quite clear that the case plaintiff's petition makes out, if it makes out any, is merely one at law against appellants as administrators on the contract they made as such." See also, Seward, *et al.*, v. South Florida Securities, Inc., 96 Fed. (2d) 964; South Florida Securities, Inc., v. Seward, *et al.*, 103 Fed. (2d) 872.

Petitioner has failed in its bill to sufficiently show why it should not be bound by the previous decisions of the Federal Courts, therefore, the order of the lower court is correct and the writ of certiorari should be and is denied.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS, not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.