**SOUTH FLORIDA SECURITIES INCORPORATED, a corporation, v. WILLIAM C. SEWARD and LOTTA P. SEWARD.**

6 So. (2nd) 636            En Banc
February 24, 1942      Rehearing Denied March 20, 1942

566

Donald C. McMullen & Sons, for appellant.
Hampton, Bull & Crom, for appellees.

TERRELL, J.:

In February, 1931, Albert E. Bennett, a merchant, was indebted to the First National Bank of Arcadia in the sum of approximately $6,800, which was represented by two notes in the sum of $3300 and $3500 respectively with interest. He was also liable to William C. Seward and Lotta P. Seward as administrators of the estate of William H. Seward on a secondary obligation in the sum of $18,000. He was being sued by other creditors on a joint obligation with William H. Seward and others when the Sewards,

appellees, demanded that he turn over to them his stock of goods for their protection. He refused unless other creditors were protected.

The Sewards then prepared a contract which recited that Bennett purchased the mercantile business from William H. Seward under an agreement that if Bennett failed to pay, he would return it in settlement of the balance due and that Seward would assume other debts and account to Bennett for the difference. The contract also recited that the content of the agreement between Bennett and William H. Seward was known to both and that the difference between the stock of goods and the indebtedness was $3,389.89 which was to be paid to Bennett in goods and fixtures. The contract further provided for the protection of the bank in payment of the $3300 note and was acquiesced in by the bank on such condition.

The transfer of the mercantile business was then made and the Sewards took over the goods and fixtures. Bennett then assigned his equity in the contract to the bank to secure the payment of the $3500 note. In January, 1932, the bank was placed in the hands of a receiver who called on the Sewards to make good on their agreement. They refused and the receiver of the bank brought suit on the contract in the Federal Court and prayed for a receiver to take charge of the mercantile business. The Sewards were made parties defendant. Final decree was ultimately entered in favor of the bank's receiver which was reversed by the Circuit Court of Appeals holding that an action at law should have been brought against the Sewards as administrators. Such an action was brought and the administrators defended on the ground that the contract was unenforceable because

they had no power to make it. This defense was upheld with the qualification that such liability as existed was against the Sewards personally.

Thereupon the bank's assignee being the appellant here brought this suit in equity against the Sewards as individuals on the theory of a constructive trust to compel an accounting for the merchandise and fixtures coming into their hands under the invalid agreement with Bennett and the bank. A motion to dismiss was granted on the theory that the Circuit Court of Appeals had held that the remedy was an action of law against the administrators and was therefore res adjudicata as to a proceeding in equity for accounting brought after the contract was held void. The latter judgment was affirmed on certiorari. South Florida Securities Inc. v. Seward, 142 Fla. 698, 195 So. 600. An amended bill of complaint was filed attempting to distinguish between the instant suit and the case litigated in the Federal Court. A motion to dismiss was granted and this appeal was prosecuted.

The onus of appellant's contention now is that while the merits of its claim have never been adjudicated in the foregoing litigation, the judgment appealed from amounts to a judgment of res adjudicata on the merits.

An examination of the litigation in this Court, South Florida Securities, Inc., v. Seward, supra, and in the Federal Court, Seward, et al., v. Fagan, 75 Fed. (2nd) 361; Seward v. South Florida Securities Inc., 96 Fed. (2nd) 964, and South Florida Securities Inc., v. Seward, 103 Fed. (2nd) 872, discloses that the only question dealt with was that of pleadings and parties to the cause, who were property parties, and

whether the suit should be brought in law or in equity and against whom.

In fine, it was held in the first suit in the Federal Court that the contract was valid but no suit in equity would lie because there was an adequate remedy at law against the Sewards as administrators. In the second and third cases, it was held that defendants as administrators could challenge the validity of the contract and that they were in fact not bound by it as administrators. It was further held that they might be bound as individuals.

The real question involved in the present litigation is whether or not the Sewards as individuals should be permitted to hold the goods and mercantile business they took under the contract held invalid at their suggestion. If this question had been squarely presented and ruled on in any of the former litigation, a plea of res adjudicata would be proper but we cannot see that it has. The net result of all previous litigation is to determine who is liable.

The chancellor appears to have entertained the view that the Federal Court having allowed opportunity to amend to make a case in equity and appellant here failing to do so, it should now be precluded. This would be correct if the Federal Court had not first held that the contract was valid and the action was one at law. The validity of the contract had not been assailed and was not determined until the second suit where it was also held that defendants might be held as individuals to account for the proceeds of the mercantile business.

The present suit was brought because of that holding and is predicated on the right of defendants to hold the mercantile business in view of the means by

which it was secured. The amended bill of complaint details the theory of both suits and outlines material features in which they are different. The first suit was on contract while the present one is to account for the proceeds of goods obtained by virtue of a contract that was held invalid. It is patent that the issues in each case would be supported by different evidence and that the causes of action are different. Appellant is accordingtly entitled to adjudicate the merits of this controversy.

We have not overlooked the contention of appellee to the effect that where appellant appealed from the interlocutory decree after being allowed to amend and this Court affirms the decree appealed from, he should not be allowed to reopen the case. We do not think such holding was res adjudicata of the present case and for this and other reasons stated herein, the judgment below must be and is hereby reversed.

Reversed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN and ADAMS, JJ., concur.

THOMAS, J., dissents.